[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13413
Non-Argument Calendar

_____

D. C. Docket Nos.
04-20876-CV-PCH
01-00423-CR-PCH

KARL BERNARD BELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 18, 2006)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Karl Bernard Bell, a federal prisoner serving a life sentence for distribution of 50 or more grams of crack cocaine, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Bell, proceeding pro se, appeals the district court's order denying as moot his motion for discovery, which he filed after the district court denied his § 2255 motion. After review, we affirm.[1]

Bell's counseled § 2255 motion raised numerous ineffective assistance of counsel claims. After conducting an evidentiary hearing, the magistrate judge recommended denying Bell's § 2255 motion on the merits. Over Bell's objections, the district court adopted the magistrate judge's Report and Recommendation and denied Bell's § 2255 motion on March 31, 2005.

On April 8, 2005, Bell deposited in the prison mail a pro se motion for reconsideration. On May 2, 2005, the district court denied reconsideration, noting that Bell had merely reiterated claims raised in his § 2255 motion. On April 21, 2005, while Bell's motion for reconsideration was pending, Bell deposited in the prison mail a pro se motion for discovery. Bell's discovery motion alleged that the government had failed to turn over exculpatory documents relating to a confidential informant's history as a drug dealer, in violation of Brady v.

---

[1]We review for abuse of discretion a district court's denial of a request for discovery. Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir.), modified in part by, Arthur v. Allen, No. 03-14304 (11th Cir. Aug. 14, 2006).

<u>Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963).  Although Bell argued that this <u>Brady</u> material supported his contention that his trial counsel was ineffective for failing to investigate his case, he also admitted that he was not certain the requested <u>Brady</u> material existed.

Bell's discovery motion was stamped filed on May 5, 2005.  On May 6, 2006, the district court denied the discovery motion as moot, noting that the case had been closed in light of the district court's March 31 order denying Bell's § 2255 motion and its May 2 order denying his motion for reconsideration.  Bell filed this appeal.

The district court did not abuse its discretion when it denied as moot Bell's discovery motion.  Under the mailbox rule, Bell's discovery motion was deemed filed on April 21, 2005, when Bell placed it in the prison mail.  See <u>Adams v. United States</u>, 173 F.3d 1339, 1341 (11th Cir. 1999).  By that date, however, the district court already had denied Bell's § 2255 motion on the merits.  Although Bell's motion for reconsideration remained pending, the district court's intervening decision to deny reconsideration rendered his discovery motion moot.  See <u>De La Teja v. United States</u>, 321 F.3d 1357, 1362 (11th Cir. 2003) (explaining that a case is moot "when it no longer presents a live controversy").

**AFFIRMED.**